UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Nelson L. Bruce, ) | |
| ) | |
| Plaintiff, ) | Case No.: |
| ) | |
| v. ) | |
| ) | VERIFIED COMPLAINT |
| BANK OF AMERICA, N.A. ) | JURY TRIAL DEMANDED |
| (A.K.A. BANK OF AMERICA), ) | |
| ) | |
| Defendants. ) | |

## *VERIFIED COMPLAINT*

Plaintiff, **Nelson L. Bruce**, individually, hereby sues Defendant for violations of the **Fair Credit Reporting Act (FCRA) 15 USC § 1681(b)** as defined in **section 604**.

## *INTRODUCTION*

1. Congress enacted the **"Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"),"** to insure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy. The **FCRA** seeks that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The **FCRA** also imposes duties on the sources that provide credit information to credit reporting agencies, called **"furnishers."**

2. Plaintiff bring this action to challenge the actions of Defendant, with regard to Defendant's unauthorized and unlawful credit inquiry, and this conduct caused Plaintiff damages.

3. Plaintiff makes these allegations upon personal firsthand knowledge based on information provided in his Transunion Credit Profile/Report.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. Unless otherwise stated, Plaintiff allege that any violations by Defendant were knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid any such violation.

## *JURISDICTION AND VENUE*

6. Jurisdiction of this Court arises pursuant to **28 U.S.C. § 1331,** and **28 U.S.C. § 1367** for any supplemental state claims.

7. This action arises out of Defendant's violations of the **Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et seq. ("FCRA").**

8. Venue is proper pursuant to **28 U.S.C. §1391** as the Defendant has multiple locations and conducts a substantial amount of business within the District of **South Carolina**.

9. Defendant's, **Bank of America, N.A.** is a corporation with its principle place of business in **Charlotte North Carolina**, and conducts business in South Carolina where a substantial part of the events or omissions giving rise to the claim occurred.

## *PARTIES*

10. Plaintiff, **Nelson L. Bruce**, is a natural person who resides in the State of South Carolina.

11. Upon information and belief Bank of America, N.A. (Defendant) is a business operating in the state of South Carolina doing business as **Bank of America**.

12. Plaintiff is a **"consumer"** as that term is defined by **15 U.S.C. § 1681a(c).**

13. Plaintiff believes, and thereon allege, that Defendant, BANK OF AMERICA is a "person" as the term is defined by **15 U.S.C. § 1681a(b).**

14. Plaintiff believes, and thereon allege, that Defendant BANK OF AMERICA acquired Plaintiffs' credit information through an unauthorized inquiry of Plaintiffs' "consumer report" as that term is defined by **15 U.S.C. 1681a(d)(1).**

## *STATUTORY BACKGROUND*

15. The FCRA is a consumer protection statute which regulates the activities of credit reporting agencies and users of credit reports, and which provides certain rights to consumers affected by use of the collected information about them.

16. Congress designed the FCRA to preserve the consumer's right to privacy by safeguarding the confidentiality of the information maintained by the consumer reporting agencies. Congress stated in the opening section of the FCRA that "[t]here is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." **15 U.S.C. § 1681(a)(4).**

17. Under the FCRA, the term "consumer report" means any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's creditworthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in the underwriting of credit transactions involving the consumer.

18. Congress has chosen to protect the consumer's right to privacy by prohibiting any release of consumer reports unless the release is for one of the permissible purposes listed in **15 U.S.C. § 1681b.**

19. **15 U.S.C. § 1681b(f)** in turn provides "[a] person shall not use or obtain a consumer report for any purpose unless – (1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section."

20. The permissible purposes listed in **1681b** usually arise only in connection with transactions initiated by the consumer. See **15 U.S.C. § 1681b(a)(3)(A)-(F).**

## *FACTUAL ALLEGATIONS*

21. At all times relevant to this matter, Plaintiff was an individual residing within the State of South Carolina.

22. At all times relevant, Defendant, Bank of America, N.A. was doing business in South Carolina, are an unregistered business as they merged out of existence as referenced with the South Carolina Secretary of State and carried out daily transactions with numerous customers in the District of South Carolina. In addition, Defendant has multiple physical locations and conducts business daily in the City of Summerville, Goose Creek, Charleston, North Charleston, Mount Pleasant, Monck Corner, County of Dorchester, Berkeley, Charleston, State of South Carolina.

23. Plaintiff does not have any accounts with Defendant as of the date of this filing.

24. On **January 21, 2021** Plaintiff pulled his Transunion Credit Report and discovered that on **January 15, 2021** Defendant submitted an unauthorized and unlawful credit inquiry to Plaintiffs credit report information in violation of the **FCRA (See…Exhibit - A)**.

25. Plaintiff did not conduct any business nor incur any additional financial obligations with Defendant during the date referenced in paragraph 24 where his credit was pulled.

26. **15 U.S.C. § 1681b** delineates the only permissible uses of, or access to, consumer reports.

27. An inquiry by Defendant was not permitted as permissible purpose to access Plaintiff's consumer report information.

28. Defendant's inquiry to Plaintiff's consumer report information was without Plaintiff's consent, and falls outside the scope of any permissible use or access included in **15 U.S.C. § 1681b.**

29. Defendant's inquiry does not qualify as a "firm offer of credit" under the FCRA.

30. As a result of Defendant unauthorized illegal actions, Plaintiff believes his credit score was lowered.

31. The Defendant was well aware that they did not have permissible purpose to review Plaintiff's Transunion credit report because there is no account relationship with Defendant, therefore the Defendant's actions were willful.

32. Plaintiff has sent Defendant a **"NOTICE OF INTENT TO SUE"** dated **January 25, 2021** under U.S.P.S. Certified Mail No. **7020 2450 0000 0106 6942** and Certified Mail No. **7020 2450 0000 0106 6928** notifying Defendants that they have **10 days** from receipt of that notice to respond and show proof that they had permissible purpose and what that permissible purpose was so that we could try to amicably resolve this matter at hand without having to file suit in a court of law. Defendants refused therefore Plaintiff is continuing with his complaint in a court of law to seek his remedy. Plaintiff has attached copies of the **"NOTICE'S OF INTENT TO SUE"** and a redacted copy of his Transunion credit report identifying the inquiry from defendant **(See…Exhibit - B)** mailed out to the defendant as evidence.

### *Reservations of Rights*

Plaintiff hereby reserves the right to amend his complaint to file and add more claims if necessary.

## *CAUSES OF ACTION COUNT I*
## *FAIR CREDIT REPORTING ACT (FCRA)*
## *15 U.S.C. §§ 1681 ET SEQ.*

33. Plaintiff re-alleges and incorporates by reference all information in paragraphs **1 through 33**.

34. The foregoing acts and omissions constitute willful, reckless or negligent violations of the FCRA, including but not limited to each and every one of the above-cited provisions of the **FCRA, 15 U.S.C § 1681**.

35. As a result of each and every negligent violation of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to **15 U.S.C. § 1681o(a)(1);** statutory damages pursuant to **15 U.S.C. § 1681n(a)(1);** punitive damages as the court may allow pursuant to **15 U.S.C. § 1681n(a)(2);** and reasonable fees and costs pursuant to **15 U.S.C. § 1681n(a)(3)** and **15 U.S.C. § 1681o(a)(2)** from Defendant.

36. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages or damages of not more than **$1,000** pursuant to **15 U.S.C. § 1681n(a)(1)(A);** punitive damages in the amount of 3 times the amount of actual damages or statutory damages **($3,000)** or as the court may allow, pursuant to **15 U.S.C. § 1681n(a)(2);** and reasonable fees and costs pursuant to **15 U.S.C. § 1681n(a)(3)** from Defendant.

37. Defendant has demonstrated willful and knowing non-compliance with **15 U.S.C. §§ 1681** by pulling the plaintiffs' Transunion report without permissible purpose knowing that plaintiff is previously filed suit against them for violations at a previous date as plaintiff does not have an account with them nor did plaintiff apply for any type of service or credit related product with them.

38. Plaintiff is entitled to any other relief that this Court deems appropriate and just under the circumstances.

## *PRAYER FOR RELIEF*

39. **WHEREFORE,** Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

## *LIABILITY AND DAMAGES UNDER THE*
## *FAIR CREDIT REPORTING ACT (FCRA) 15 U.S.C. 1681 ET. SEQ.*

40. Plaintiff believes and asserts that he is entitled to $1,000.00 in statutory damages from defendant, pursuant to **15 U.S.C. § 1681n(a)(1) et. seq.**

41. An award of punitive damages in the amount of treble damages ($3,000) or as the Court may allow pursuant to **15 U.S.C. § 1681n(a)(2);** and

42. For purposes of a default judgment, Plaintiff believes that the amount of such punitive damages should be no less than, $3,000 in addition to statutory damages which should be no less than $1,000 against defendant;

43. An award of costs of litigation and fees, pursuant to **15 U.S.C. § 1681n(a)(3),** and **15 U.S.C. § 1681(o)(a)(1)** against Defendant for each incident of negligent noncompliance of the FCRA.

## *TRIAL BY JURY*

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and demand, a trial by jury. Date this 12th day of **March, 2021**.

Respectfully Presented,

"Without Prejudice"

*Nelson L. Bruce*

Nelson L. Bruce, Propria Persona, Sui Juris
"All Natural Rights Explicitly Reserved and Retained"
U.C.C.1-207/ 1-308, 1-103.6
c/o 144 Pavilion Street, Summerville, South Carolina 29483
Phone: 843-437-7901
Email: leonbruce81@yahoo.com

## Affidavit of Verification

I, Nelson L. Bruce, hereby certify, swear, attest, affirm, ascribe, and declare as follows:

1. I am a Plaintiff in the present case, a citizen of the United States of America, and a resident of the State of South Carolina Republic and I am of the age of the Majority, over the age of 18;

2. I have reviewed the complaint in its entirety and have personal firsthand knowledge of myself, my activities, and my intentions, including those set out in the foregoing **Verified Complaint**;

3. I have personal firsthand knowledge of all the allegations in this **Verified Complaint** for and the relief requested, and swear all of them to be true and correct to the best of my knowledge, information and belief;

4. I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on **March 12th, 2021**.

FURTHER AFFIANT SAYETH NOT.

_Nelson L. Bruce_
Nelson L. Bruce

**NOTORIAL**

STATE OF South Carolina      )
                             )
COUNTY OF Dorchester         )

On this 12 day of **March 2021**, before me _Nelson L. Bruce_ (Notary Public) personally appeared **Nelson L. Bruce**, being identified by a United States of America Passport did swear, attest, affirm, ascribe, declare and states that he has read the **Verified Complaint** for Declaratory and Injunctive relief and the relief requested in the **Verified Complaint**, and that the he has firsthand knowledge of the facts presented and signed the documents before me.

Notary Public Signature: _____     Date: 03-12-2021

My Commission expires: 02-03-2030

SEAL  [Notary Seal: Cristine N Glazier, Notary Public, South Carolina]