**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**Charleston Division**

| | | |
|---|---|---|
| Nelson L. Bruce, Sui Juris | ) | |
| | ) | |
| Plaintiff(s), | ) | Civil Act. No. 2:21-cv-00735-BHH-KDW |
| | ) | |
| v. | ) | |
| | ) | |
| Bank of America, N.A., et al., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## BANA'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY MOTION TO EXTEND OR AMEND SCHEDULING ORDER

COMES NOW Defendant Bank of America, N.A. ("BANA" or "Defendant"), through undersigned counsel, hereby submits the following Response to Plaintiff's Motion to Compel Discovery Motion to Extend or Amend Scheduling Order entered by Plaintiff Nelson L. Bruce ("Plaintiff").

## BACKGROUND

This matter arises from a solitary credit inquiry appearing on Plaintiff's credit report from Trans Union LLC on January 15, 2021. (D.E. 1, Compl. ¶ 24 and Exhibit A. According to said report, BANA accessed Plaintiff's credit history, however, the report contains no other information concerning the source of this inquiry. Plaintiff contends the report shows that BANA's inquiry was unauthorized and violated the Fair Credit Reporting Act. Compl. ¶ 24. Plaintiff has served multiple discovery requests concerning this lone inquiry.

BANA and its counsel have spent numerous hours investigating and researching the January 15, 2021 inquiry and since August 2021 when Plaintiff's discovery was first served. BANA responded on October 13, 2021. BANA initially concluded, in good faith, the inquiry was related to collection of a commercial account on which Plaintiff was a guarantor (account #

XXXXX8269), which was the genesis of prior litigation initiated by Plaintiff in Case No. 2:19-cv-03456-BHH-BM.

However, BANA later discovered that Trans Union LLC reported the inquiry as a marketing or promotional inquiry. BANA amended its discovery responses accordingly on November 2, 2021. BANA is informed a believes this inquiry had no actual or potential effect on Plaintiff's credit score and Plaintiff does not appear to contend otherwise.

On November 15, 2021, BANA responded to Plaintiff's Second Requests for Admission. BANA Exhibit 1. Plaintiff requested an admission that BANA made an "insurance claim" related to account # XXXXX8269. BANA objected to the vagueness of the Request and further advised it had located no information concerning insurance for that account. Plaintiff has not clarified what type of insurance claim he is referring to in this Request and the issue no longer seems relevant as BANA does not assert the credit inquiry was related to that account. In any case, BANA has supplemented its response with a denial. BANA Exhibit 2.

Following BANA's amended discovery responses, Plaintiff also requested additional information about the background of this marketing or promotional inquiry. BANA responded to Plaintiffs Third Set of Interrogatories and Request for Production of Documents on December 17, 2021. Again, BANA and its counsel have expended considerable time attempting to locate additional information concerning this credit inquiry. However, BANA has been unable to locate additional information despite these efforts. BANA has prepared further supplemental discovery responses acknowledging it has been unable to locate additional information despite a diligent inquiry.  BANA Exhibit 3.

## ARGUMENT

BANA does not oppose a further extension of the Discovery Schedule, further discovery

to BANA, a deposition of BANA or a subpoena to Trans Union LLC. Had Plaintiff conferred with Counsel for BANA prior to this Motion, BANA would have acknowledged same. However, at this point, BANA is unable to provide additional information because it cannot locate additional information on this subject, at least, not based on the information currently available from Plaintiff's credit report.

Additionally, although Plaintiff has requested additional responses, Plaintiff does not contend the sufficiency of any specific objection interposed by BANA to any discovery request. BANA contends its objections are well-taken and/or moot. Because BANA has responded in full with respect to Plaintiff's requests concerning the credit inquiry, there do not appear to be any live controversies with respect to BANA's objections. To the extent Plaintiff opposes BANA's objection to Interrogatory #1 of Plaintiff's Third Set of Interrogatories, BANA shows as follows:

Interrogatory #1 requests:  Please explain and specify in full and complete detail if under the FCRA, a person such as Bank of America who purchases and has access to TransUnion Inquiry Products is required to have consent from the Consumer before requesting a Promotional Inquiry with a credit reporting agency such as TransUnion? (D.E. 55-1 p 19.)

BANA objected on the basis that Interrogatory #1 sought a legal opinion, was non-factual, violated the work product doctrine and exceeded the scope of permissible discovery. *Id.* In Interrogatory #1, Plaintiff is plainly asking for Defendant's interpretation of the FCRA and/or its counsel's impression of same. Although factual information related to a matter is surely discoverable, "the pure work product of an attorney insofar as it involves 'mental impressions, conclusions, opinions, or legal theories ... concerning the litigation' is immune to the same extent as an attorney-client communication." *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Murray Sheet Metal Co.*, 967 F.2d 980, 984 (4th Cir. 1992). Plaintiff's request for a broad interpretation of the

FCRA is purely legal and, therefore, BANA's objection must be sustained.

The remaining discovery requests in Plaintiff's Third Interrogatories and Requests for Production have been fully answered. BANA has provided all information it has been able to locate. BANA has been able to identify the January 15, 2021 as a marketing or promotional inquiry but has not been able to identify additional information concerning the inquiry despite diligent efforts.

WHEREFORE, for the reasons set forth herein Defendant does not oppose Plaintiff's requested motion for an amendment to the Discovery Scheduling Order or its request for a subpoena to Trans Union LLC. BANA requests that Plaintiff's motion to compel be denied as BANA has provided all information located after a diligent search.

Dated this 15th day of April 2022.

By: /s/ T. Richmond McPherson
T. Richmond McPherson III
(SC Federal Bar #11214)
**MCGUIREWOODS LLP**
201 North Tryon Street, Suite 3000
Charlotte, North Carolina 28202
Telephone: (704) 343-2038
Facsimile: (704) 444-8783
rmcpherson@mcguirewoods.com
*Counsel for Defendant Bank of America, N.A.,*
*a/k/a Bank of America*

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has this 15th day of April 2022, served the foregoing

**BANA'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY MOTION**

**TO EXTEND OR AMEND SCHEDULING ORDER** via electronic mail addressed to:

Nelson L. Bruce
144 Pavilion Street
Summerville, SC 29483
E-Mail:  leonbruce81@yahoo.com

*Pro Se Plaintiff*

/s/ T. *Richmond McPherson*
T. Richmond McPherson (SC Fed. #11214)